IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE


WENDY LEE, individually and on          )
behalf of all others similarly situated, )
                                         )
            Plaintiff,                   )
                                         )
      v.                                 )  Civ. No. 13-834-SLR
                                         )
MARK PINCUS, et al.,                     )
                                         )
            Defendants.                  )


## MEMORANDUM AND ORDER

At Wilmington this 23rd day of December, 2013, having reviewed plaintiff's

motion to remand and defendants' motion to dismiss, as well as the papers filed in

connection therewith; the court issues its decision based on the following analysis:

1. **Background.** Plaintiff filed the instant litigation against Zynga, Inc. and

certain of its officers, directors, and executives in the Court of Chancery for the State of

Delaware. (D.I. 1)  The focus of the complaint is the March 2012 secondary public

offering (the "second offering") of Zynga stock and the subsequent drop in Zynga's

stock price.  In her complaint, plaintiff "challenges defendants' selective, discriminatory

waiver of lockup agreements that they required present and former employees and

other shareholders of [Zynga] to enter into in connection with Zynga's initial public

offering (the 'IPO')."  According to the complaint, the lockup agreements barred sales by

substantially all of Zynga's shareholders, including all of its officers and directors, for

165 days following the December 16, 2011 IPO.  Less than 90 days after the IPO,

however, Zynga announced that its Chairman, Chief Executive Officer and controlling shareholder,[1] together with other members of Zynga's board of directors and certain other senior executives and private equity investors, would sell over 40 million shares of stock in the second offering, and that their lockup agreements would be waived to allow the sales to occur. The second offering was completed two weeks later. While the second offering allowed members of Zynga's senior management and members of the board of directors to cash out early, the same opportunity was not extended to Zynga's non-executive and former employees. The second offering yielded certain of the defendants net proceeds of millions of dollars.[2] Beginning immediately after the second offering, Zynga's share per price began a precipitous decline so that, by the time the lockup agreements had expired and plaintiff and other former employees were first allowed to dispose of their shares, Zynga's share price had dropped 49.3% from the second offering price.

2. Based on the above course of conduct, plaintiff asserts two state law claims, one for breach of fiduciary duty (against the former directors), and one for aiding and abetting the breach of fiduciary duty (against the underwriter defendants). Defendants removed the action to federal court premised on their contention that the federal Securities Litigation Uniform Standards Act ("SLUSA:), codified in relevant part at 15 U.S.C. § 77bb, authorized such. More specifically, SLUSA authorizes removal and immediate dismissal of any (a) "covered class action," (b) involving a "covered security,"

---

[1]Defendant Mark Pincus.

[2]For example, the second offering yielded defendant Pincus net proceeds of $192 million.

2

(c) "based upon the statutory or common law of any State," and (d) alleging "a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security," or "that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. § 78bb(f)(1)-(2). According to defendants, the above action satisfies each element, thus justifying dismissal. Plaintiff contends otherwise, and has moved for remand.

3. **Analysis.** SLUSA was enacted to close a "loophole" that allowed plaintiffs to evade the more stringent procedural and substantive requirements imposed by the Private Securities Litigation Reform Act of 1995 by filing securities fraud class actions in state court. *See Golub v. Hilb, Togal & Hobbs Co.*, 379 F. Supp. 2d 639, 642 (D.Del. 2005). Both the Supreme Court and the Third Circuit have recognized, however, that SLUSA was not intended to bar traditional state law causes of action. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Dabit*, 547 U.S. 71, 88 (2006); *Rowinski v. Salomon Smith Barney, Inc.*, 398 F.3d 294, 301 (3d Cir. 2005). To this end, the Third Circuit has held that claims are precluded under SLUSA only if misrepresentation is a "factual predicate" of the claim; "[t]o be a factual predicate, the fact of a misrepresentation must be one that gives rise to liability, not merely an extraneous detail." *LaSala v. Bordier et Cie*, 519 F.3d 121, 141 (3d Cir. 2008). Significantly, "a defendant may not recast plaintiff's complaint as a securities fraud class action so as to have it preempted by SLUSA." *Wilson v. Wells Fargo Advisors, LLC*, Civ. No. 11-511-SLR/SRF, 2012 WL 5240815, at *5 (D. Del. Sept. 25, 2012) (internal quotation marks omitted), *adopted by*

3

*Wilson v. Wells Fargo Advisors, LLC*, Civ. No. 11-511-SLR/SRF, D.I. 19 (D. Del. Nov. 19, 2012).

4. Despite defendants' attempts to recast plaintiff's complaint to be preempted by SLUSA, the court finds that plaintiff has pled a core breach of the fiduciary duty of loyalty claim - whether executives can discriminate in favor of their own interests in waiving post-IPO lockup agreements that equally affect their share and the shares of other employees and outside investors. As the complaint shows, defendants told plaintiff and the world exactly what they were doing in the registration statement for the second offering - the only issue in the case is whether defendants were in fact entitled to favor their own interests in the manner they did under Delaware law. The court agrees with plaintiff that "fully disclosed trading" does not constitute "manipulation," "deceptive conduct," or a misrepresentation or omission. *See Santa Fe Industries, Inc. v.* Green, 430 U.S. 462, 476 (1977); *GFL Advantage Fund, Ltd. v. Colkitt*, 272 F.3d 189, 205 (3d Cir. 2001); *Biesenbach v. Guenther*, 588 F.2d 400, 402 (3d Cir. 1978).

5. **Conclusion.** Given the court's conclusion that plaintiff's claims are not preempted by SLUSA, defendants' motion to dismiss is denied and plaintiff's motion to remand is granted. An appropriate order shall issue.

United States District Judge

4